**ORIGINAL**

Anna Y. Park, CA SBN 164262
Michael J. Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Gregory L. McClinton, CA SBN 153553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Suite 7-127
Honolulu, Hawaii 96850
Telephone: (808) 541-3122
Facsimile: (808) 541-3390
Email: Gregory.McClinton@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 27 2010
at 3 o'clock and 35 min. P.M.
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HAWAII HEALTHCARE PROFESSIONALS, Inc., a/k/a HAWAII PROFESSIONAL HOMECARE SERVICES, Inc., and Does 1-10 Inclusive,<br><br>Defendants. | CASE NO. **CV10 00549 BMK**<br><br>**COMPLAINT – CIVIL RIGHTS EMPLOYMENT DISCRIMINATION; SUMMONS**<br><br>Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*.<br><br>**DEMAND FOR TRIAL BY JURY** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*, (the "ADEA"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to Debra Moreno, who was adversely affected by such practices. As stated with greater particularity in Paragraph 10 below, the EEOC alleges that the Defendants Hawaii Healthcare Professionals, Inc. a/k/a Hawaii Professional HomeCare Services, Inc. and Does 1-10 (hereinafter collectively referred to as "HHP" or "Defendants") terminated Ms. Moreno's employment on the basis of her age, fifty-four (54), in violation of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and by Public Law 98-532 (1984) 98 Stat. 2705.

4. At all relevant times, Defendant Hawaii Healthcare Professionals, Inc. a/k/a Hawaii Professional HomeCare Services, Inc. has been a Hawaii corporation continuously doing

business in the State of Hawaii on the islands of Oahu, Maui, Kauai and has continuously had at least 20 employees.

5. At all relevant times, Defendant Hawaii Healthcare Professionals, Inc. a/k/a Hawaii Professional HomeCare Services, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h)6.

6. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, including DOES 1 to 10, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

7. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the Complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the Complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONCILIATION

8. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion

within the meaning of Section 7(b) of the ADEA, 29 U.S.C. Section 626(b).

9.  All conditions precedent to the institution of this lawsuit have been fulfilled. More than thirty (30) days prior to the institution of this lawsuit, Ms. Moreno filed a charge of discrimination with the EEOC alleging violations of the ADEA by Defendants. The Commission issued Letters of Determination finding that Defendant discriminated against Ms. Moreno by terminating her based on her age (over forty), in violation of the ADEA.

## STATEMENT OF CLAIMS

10.  On or about February 8, 2008, Defendants engaged in unlawful employment practices at their facility in Maui, Hawaii, by terminating Ms. Moreno because of her age in violation of the ADEA.

   a.   At all relevant times, Ms. Moreno was employed by the Defendants as an Office Coordinator for Defendants' Kahalui, Maui facility.

   b.   Ms. Moreno was able to perform the duties of the Office Coordinator position and, in fact, did perform those duties in a satisfactory manner.

   c.   On or about February 6, 2008, Defendants' President, CEO and Owner visited the Maui facility. During that visit, she made disparaging, age-based remarks to Ms. Moreno's supervisor regarding Ms. Moreno including, but not limited to statements that Ms. Moreno "looked old", that she "looks like a bag of bones", that she "sounded old on the telephone" and that she "was as slow as a slug." At that time, Defendant's President, CEO and Owner also stated that Ms. Moreno was not the type of person she wanted representing her company and ordered Ms. Moreno's supervisor to fire Ms. Moreno.

   d.   On or about February 8, 2008, Defendants terminated Ms. Moreno's employment because of her age. Ms. Moreno was 54 years old at the time of her termination.

   e.   After terminating Ms. Moreno, Defendants hired employees for its Maui, Hawaii facility who were under age forty into positions where they performed the same or similar duties as those that Ms. Moreno had been performing.

11. The unlawful employment practices complained of in Paragraph 10 above were willful within the meaning of section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, and assigns and all persons in active concert or participation with them, from engaging in any employment practices which results in the termination of any employee on the basis of age.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for persons forty (40) years of age and older, and which eradicate the effects of their past and present unlawful employment practices;

C. Grant a judgment requiring Defendants to pay Ms. Moreno appropriate back wages and benefits in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest.

D. Order Defendants to make Ms. Moreno whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including, but not limited to, rightful-place reinstatement with seniority restored, or front pay in lieu thereof.

E. Grant such further relief as the Court deems necessary and proper in the public interest; and

F. Award the Commission its costs in this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 27, 2010

                        Respectfully Submitted,

                        P. DAVID LOPEZ
                        General Counsel

                        JAMES LEE
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS
                        Associate General Counsel

                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION
                        131 "M" Street, N.E.
                        Washington, D.C. 20507

                        BY: _____
                        GREGORY L. MCCLINTON
                        Senior Trial Attorney