# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HAWAII HEALTHCARE PROFESSIONALS, INC., a/k/a HAWAII PROFESSIONAL HOMECARE SERVICES, INC., and CAROLYN FRUTOZ-DE HARNE, a/k/a CAROLYN FRUTOZ, and Does 1-10 Inclusive.<br><br>Defendants. | Case No. 1:10-cv-00549-ACK-BMK<br><br>**FINDINGS AND RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANTS** |

On April 19, 2011, a hearing was held on Plaintiff United States Equal Employment Opportunity Commission's ("EEOC") Motion for Default Judgment against Defendants Hawaii Healthcare Professionals, Inc., a/k/a Hawaii Professional Homecare Services, Inc. ("Defendant Hawaii Healthcare"), and Carolyn Frutoz-de Harne, a/k/a Carolyn Frutoz ("Defendant Frutoz"). The hearing was held before the Honorable Barry M. Kurren, United States Magistrate Judge.

Based on EEOC's Motion for Default Judgment and the full record of this case before the Court, this Court makes the following findings:

1      On September 7, 2011, default was entered against Defendant Hawaii Healthcare. (ECF No. 35)

2.     On January 5, 2012, default was entered against Defendant Carolyn Frutoz-de Harne. (ECF No. 44)

3.     On March 5, 2012, the EEOC filed its Notice of Motion and Motion for Default Judgment (ECF No. 45), Memorandum of Points and Authorities Supporting its Motion for Default Judgment, and Declarations and Exhibits (ECF No. 46) ("documents related to EEOC's Motion for Default Judgment").

4.     The Court set April 19, 2012 for a hearing on EEOC's Motion for Default Judgment. (ECF No. 47)

5.     On March 22, 2012, the EEOC filed its notice of service of documents related to its Motion for Default Judgment verifying that the documents were

1

personally served on both Defendants through Carolyn Frutoz-de Harne. (ECF No. 48)

6. At the April 19, 2012 hearing on EEOC's Motion for Default Judgment, the Court found that neither Defendant filed any document with the Court in response to EEOC's Motion for Default Judgment, including any motion to set aside the default or objections or opposition to EEOC's Motion for Default Judgment. The EEOC represented that it had received no contact from Defendants since the filing of its Motion for Default Judgment.

7. On April 19, 2012, the Court found and recommended that EEOC's Motion for Default Judgment to be granted. (ECF No. 49)

8. Defendant Carolyn Frutoz-de Harne is the alter ego of Defendant Hawaii Healthcare with respect to this lawsuit and is, therefore, liable with Defendant Hawaii Healthcare for any violations of the ADEA in connection with this lawsuit.

9. Defendant Hawaii Healthcare and Defendant Carolyn Frutoz-de Harne terminated Debra Moreno in February 2008 from her employment with Defendants because of her age.

10. Because of her unlawful termination by Defendants, Debra Moreno suffered lost wages or backpay with interest of $96,618.44.

11. Defendants' discrimination against Debra Moreno because of her age

was willful justifying liquidated damages in an amount equal to backpay.

12. With respect to backpay and liquidated damages with interest, the total amount owed is $193,236.88.

Based on the foregoing findings, the Court RECOMMENDS that the following default judgment be entered:

1. Judgment is recommended to be entered in favor of Plaintiff EEOC and against Defendant Hawaii Healthcare and Defendant Carolyn Frutoz-de Harne for violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. §§ 621 *et seq.*, by terminating Debra Moreno in February 2008 from her employment with Defendants because of her age.

2. Defendants are jointly and severally liable for an award of monetary damages to the EEOC on behalf of Debra Moreno in the amount of $193,236.88, representing backpay and liquidated damages.

3. Defendant Hawaii Healthcare and any business entity or person who can be considered a successor to Defendant Hawaii Healthcare and/or Defendant Carolyn Frutoz-de Harne with respect to any business entity that she establishes in which she manages or controls the day-to-day operations or human resources functions shall be enjoined for five years from the entry of Judgment as follows:

   1. Defendants, their officers, agents, managers, successors, assigns, and all those who act in concert or in participation with Defendants shall

be enjoined from engaging in or tolerating age discrimination against their employees in violation of the ADEA, including terminating any employee on the basis of his or her age.

2. Defendants, their officers, agents, managers, successors, assigns, and all those who act in concert or in participation with Defendants shall be enjoined from engaging in any type of retaliation against those who engaged in protected activity with respect to the ADEA from 2008 and throughout the term of the Court Order.

3. Defendants shall develop, implement, and effectively distribute to all employees a policy and complaint procedure with respect to age discrimination and retaliation. The policy shall include:

   a. a clear explanation of the conduct that is prohibited by the policy;

   b. a clearly described complaint process for any employee who believes they have been subjected to age discrimination or retaliation in Defendants' workplace that provides multiple, accessible avenues of complaint and that allows for complaints to be initiated verbally and be kept as confidential as possible;

   c. a complaint process that provides for a prompt, thorough, effective and impartial investigation;

d. a requirement that any employee in a supervisory position who receives a complaint of sexual harassment, whether verbally or in writing, shall report such complaint to Defendants' Human Resources Department within 24 hours;

e. an assurance that Defendants' disciplinary policies will hold employees, managers, supervisors and human resources officials accountable for failing to take appropriate action;

f. a procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation and any remedial action taken;

g. an assurance that Defendant will take immediate and appropriate corrective action when it determines that age discrimination or retaliation has occurred; and

h. an assurance that employees who make complaints of age discrimination or retaliation for engaging in a protected activity under the ADEA will be protected from retaliation.

4. Defendants shall develop and implement a procedure regarding how to conduct, document, and report an investigation of an age discrimination complaint (Investigation Procedure).

5. Defendants shall distribute their Policy and Invesitgation Procedure to

all existing and new employees for the duration of the Injunction. Records should be kept to ensure that each employee has received, read, and understands such policies and complaint procedures against discrimination.

6. Defendants shall ensure annual, live training by a third party for all supervisory employees regarding their rights, responsibilities, and obligations under the Policy, the Investigation Procedure, and the ADEA with respect to age discrimination and retaliation.

7. Defendants shall ensure annual, live training of at least one hour for all non-supervisory employees regarding their rights and responsibilities under the Policy, the Investigation Procedure, and the ADEA with respect to age discrimination and retaliation.

8. Defendants shall retain an independent, third party EEO Consultant to assist Defendants with compliance with the Injunction, including review and revision as needed of all existing and revised policies, procedures and trainings regarding age discrimination and retaliation under the ADEA to ensure compliance with the Injunction, and reporting to the EEOC on a biannual basis for the duration of the monitoring period.

9. Defendants shall post a notice to its employees in all of its facilities regarding this Action, the Injunction ordered by this Court, and Defendants' commitment to enforcement of its employees' rights against age discrimination and retaliation under the ADEA.

10. Defendants shall submit monitoring reports to the EEOC on an annual basis for the duration of the Injunction to confirm Defendants' compliance with all terms of the Injunction.

11. Defendants shall issue and distribute the appropriate policy and procedure to all management employees, including the President and the CEO, and the Board of Directors, that each will be held accountable to prevent and to correct age discrimination. The policy and procedure shall include revising job performance evaluations for management employees to include his or her efforts to prevent and to correct age discrimination.

DATED: Honolulu, Hawaii, May 10, 2012.

IT IS SO FOUND AND RECOMMENDED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

EEOC V. Hawaii Healthcare Professionals, Inc., et al., CV. NO. 10-00549 ACK-BMK; FINDINGS AND RECOMMENDATION THAT DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANTS.

7