IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII HEALTHCARE PROFESSIONALS, INC., aka HAWAII PROFESSIONAL HOMECARE SERVICES, INC., and CAROLYN FRUTOZ-DE HARNE, aka CAROLYN FRUTOZ<br><br>Defendants. | ) | CIV. NO. 10-00549 ACK-BMK<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' REQUEST TO SET ASIDE DEFAULT JUDGMENT |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' REQUEST TO SET ASIDE DEFAULT JUDGMENT

Before the Court is Defendant Carolyn Frutoz-De Harne's ("De Harne") Request to Set Aside Default Judgment. (Doc. 63.) After careful consideration of the Request and the supporting and opposing memoranda, the Court Recommends that this Request be DENIED.[1]

## FACTUAL BACKGROUND

In September of 2010, the Equal Employment Opportunity

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

Commission ("EEOC") filed an age discrimination complaint against Hawaii Healthcare Professionals, Inc., ("HHP") on behalf of ex-employee Debra Moreno ("Moreno"). (Doc. 1.) Seven months after filing an Answer, HHP's attorney filed a Motion to Withdraw due to HPP's dissolution and inability to pay legal fees. (Doc. 25-1 at 2.) In August of 2011, this Court issued an Order granting the Motion to Withdraw, informed HHP that it would not be permitted to proceed pro se, and gave HHP two weeks to secure counsel prior to a Show Cause hearing. (Id.) HHP failed to retain counsel and this Court directed that default be entered against HHP. (Doc. 34.)

After entry of default against HHP, this Court granted the EEOC's Motion to Amend its Complaint to add De Harne as a Defendant on the theory that she is liable as the "alter ego" of HHP. (Doc. 39.) De Harne was served with the Amended Complaint on 11/3/2011 and given three weeks to file an answer. (Doc. 42.) De Harne failed to file an answer and failed to appear at a Status Conference in January of 2012. (Doc. 43.) Accordingly, at the January 2012 Status Conference, this Court directed the Clerk of Court to enter default against De Harne, and instructed the EEOC to file a Motion for Default Judgment. (Id.) The EEOC served De Harne with notice of its Motion for Default Judgment on March 7, 2012 (Doc. 48-2), and this Court provided more than thirty-days advanced notice to De

Harne of the upcoming motion hearing. (Doc. 47.) De Harne failed to file any opposition to the EEOC's Motion for Default Judgment and failed to appear at the Motion hearing. (Doc. 49.) Thereafter, this Court issued Findings and Recommendations ("F&R") that default judgment be entered against De Harne. (Doc. 51.)

Because the copy of the F&R mailed to De Harne at HHP's business address was returned as undeliverable, Judge Alan C. Kay ordered that a copy of the F&R be resent to De Harne's personal address, where she had been successfully served with the EEOC Amended Complaint, and that De Harne be provided sufficient time to respond. (Doc. 53.) De Harne failed to respond and Judge Kay issued an Order Adopting this Court's F&R holding HHP and De Harne jointly and severably liable for $193,236.88 in back pay, liquidated damages, and interest. (Doc. 54.) On July 18, 2012, the court entered Default Judgment in favor of the EEOC and against HHP and De Harne. (Doc. 55.)

Approximately eighteen months after the entry of default judgment De Harne appeared for a Judgment Debtor Examination and filed her present Request to Set Aside Default Judgment. (Docs. 62, 63.) In her request, De Harne discusses HHP's inability to procure counsel and asserts that she was not served with documents notifying her of "the court date." (Doc. 63 at 1.) The remainder of De

Harne's request focuses on challenging the merits of the EEOC's Complaint.

DISCUSSION

Although De Harne does not expressly base her Request on any rule or law, the Court analyzes her request as if it were made pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 55(c) and 60(b). Rule 55(c) simply provides that the court may set aside a default judgment under Rule 60 (b). Rule 60(b), in turn, provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Additionally, FRCP Rule 60(c) provides that a "motion under rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year

after the entry of the judgment[.]"

De Harne's Request to set aside default eighteen months after the entry of judgment clearly violates the express one-year limitation for reasons (1), (2), and (3), and also violates the "reasonable time" requirement for reasons (4), (5), and (6). See e.g. Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 211 (5th Cir. 2003) (holding that district court did not abuse its discretion in ruling a fourteen month delay in acting to set aside default judgment was unreasonable); see also Pacific Cornetta, Inc. v. Jung, 218 F.R.D. 250 (D. Or. 2003) (holding that fifteen month delay in moving to set aside judgment was unreasonable).

While what constitutes reasonable time depends upon the facts of the case rather than an arbitrary time period, setting aside judgments after such a lengthy delay requires a showing of "extraordinary circumstances." United States v. Holtzman, 762 F.2d 720, 725 (9th Cir. 1985). De Harne has not presented the court with any extraordinary circumstances that warrant setting aside the default judgment.

De Harne's Request states that she was not served with documents notifying her of "the court date," and that she only recently received her case file from HHP's prior counsel. The docket indicates that De Harne was personally served with both the EEOC's Amended Complaint and with its Motion for Default

Judgment. De Harne failed to respond to either and never made an appearance in the case.

Pursuant to FRCP Rule 55(b)(2), a party in default is not entitled to notice unless she has "appeared" in the action. Wilson v. Moore and Assoc., Inc., 564 F.2d 366, 368 (9th Cir. 1977). The Court, nonetheless, issued a notice of the hearing on the EEOC's Motion for Default Judgment to HHP and De Harne. Prior to adopting this Court's F&R that the EEOC Motion for Default Judgment be granted, Judge Kay insured that De Harne had received a copy of the F&R and that she had an opportunity to respond. She failed to do so.

Accordingly, even if De Harne did not receive actual notice of the hearing on the EEOC's Motion for Default Judgment, she did have actual notice of the claims against her, of the EEOC's Motion itself, and of the F&R and pending default judgment. Moreover, whether De Harne had actual notice of the hearing on the EEOC's Motion for Default bears no relationship to the eighteen month delay between the entry of judgment and her present Request.

In sum, to the extent that De Harne's Request presents an argument premised on her excusable neglect to participate in this litigation under 60(b)(1), her request is barred by the one-year limitiation. To the extent that De Harne's Request can be characterized as some "other reason" for relief under 60(b)(6) she has failed

to present extraordinary circumstances to overcome the unreasonable delay in presenting her request.

Finally, aside from asserting a lack of notice regarding the hearing on the EEOC Motion for Default judgment, the remainder of De Harne's Request argues the merits of the EEOC's claims against her. A Rule 60(b) motion to set aside default judgment is not, however, the proper vehicle for determining the merits of a claim or passing on issues of fact. Rooks v. American Brass Co., 263 F.2d 166, 169 (6th Cir. 1959).

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that De Harne's Motion to Set Aside Default be DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2014




/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Equal Employment Opportunity Commission v. Hawaii Healthcare Professionals, Inc., et al., CIV. NO. 10-00549 ACK-BMK, FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT.